# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 25, 2006

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

*VIA ELECTRONIC FILING*

Re:   Aventis Pharmaceuticals Inc. and Sanofi-Aventis US LLC v.
      Barr Laboratories, Inc., C.A. No. 06-286-GMS

Dear Judge Sleet:

On behalf of all parties to the above action, I am pleased to submit the enclosed Scheduling Order for the Court's review, reflecting the dates and rulings that the Court provided last week during the Rule 16 Conference. I note for the Court's convenience that there is a blank line in paragraph 9 on page 3 for the date and time of the Status/Daubert Conference.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD/nml
Enclosure
171574.1

c:   Josy W. Ingersoll, Esquire (by hand and electronic mail; w/encl.)
     Paul H. Berghoff, Esquire (by electronic mail; w/encl.)
     George C. Lombardi, Esquire (by electronic mail; w/encl.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and<br><br>SANOFI-AVENTIS US LLC<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-286-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SCHEDULING ORDER**

This _____ day of _____, 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on July 18, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before August 15, 2006.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before December 15, 2006.

3. ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on October 31, 2007 at 9:30 a.m. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before August

24, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on September 7, 2007, and the answering claim construction briefs on September 28, 2007.

    4.    **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before July 6, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before March 7, 2008. The parties shall exchange opening expert reports on January 7, 2008, and answering expert reports on February 7, 2008.

    a.    <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a <u>**TWO PAGE LETTER**</u>, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    5.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the

date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(a).**

6. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

7. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9. **Status/Daubert Conference**. On or before April 28, 2008, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ at __;__ _.m. to discuss Daubert issues identified in the joint agenda.

10. **Pretrial Conference.** On April 28, 2008, beginning at 9:30 a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by

the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Procedure 26(a)(3).  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.

       11.   **Trial.**  This matter is scheduled for a four (4) day bench trial beginning at 9:00 a.m. on May 19, 2008.

       12.   **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

 

_____
UNITED STATES DISTRICT JUDGE

152996.1