IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-286 GMS |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

1.  Aventis Pharmaceuticals Inc. and Sanofi-Aventis US LLC (collectively, "Aventis") filed the above-captioned action against Barr Laboratories, Inc. ("Barr") on May 2, 2006. Aventis filed this action for patent infringement pursuant to 35 U.S.C. § 271(e)(2).[1] The Complaint alleges that Barr infringes U.S. Patent No. 5,976,573 (the "'573 patent") and U.S. Patent No. 6,143,329 (the "'329 patent") because it submitted a § 505(j) application, or Abbreviated New Drug Application ("ANDA"), to the Food and Drug Administration ("FDA"), seeking approval of its proposed generic triamcinolone acetonide aqueous nasal spray product. (Compl. ¶¶ 11,14.) The Complaint further alleges that Barr's infringement of the '573 and '329 patents is willful. (Id. ¶ 15.) Aventis requests

---

[1] Section 271(e)(2) states, in pertinent part:

> [i]t shall be an act of infringement to submit – an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug or veterinary biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.

35 U.S.C. § 271(e)(2)(A).

injunctive relief and attorney's fees, pursuant to 35 U.S.C. § 285.

2.     On May 22, 2006, Barr filed an answer, affirmative defenses and counterclaims (the "Answer") (D.I. 6) to the complaint. The Answer sets forth a demand for a jury trial.

3.     On May 31, 2006, Barr filed a motion to dismiss Aventis' willful infringement claims. The motion and accompanying brief in support thereof assert that a claim of willfulness cannot be based solely on the filing of an ANDA.

4.     On July 11, 2006, the parties filed a Joint Status Report (D.I. 20), pursuant to Rule 16 of the Federal Rules of Civil Procedure. In paragraph ten of the Joint Status Report, Aventis contends that Barr's demand for a jury trial is inappropriate in an ANDA action.

5.     On July 18, 2006, the court conducted a scheduling conference, during which it discussed with the parties Barr's outstanding motion to dismiss the willful infringement claims and Aventis' request to strike the jury demand. After hearing the parties' contentions with respect to both issues, the court determined that it would strike Aventis' willful infringement claims, as well as Barr's demand for a jury trial, consistent with its rulings in *Allergan v. Alcon*, C.A. No. 04-968 GMS, 2005 WL 3971927 (D. Del. July 26, 2005) (striking the plaintiff's claim for willful infringement against a "paper NDA" applicant); and 2005 WL 3971928 (D. Del. July 22, 2005) (striking the plaintiff's jury demand in a case involving a "paper NDA").

Therefore, IT IS HEREBY ORDERED that:

1. A claim for willful infringement is not permitted in this case.

2. Aventis' claim for willful infringement shall be stricken from the Complaint.

3. A jury trial is not permitted in this case.

4. Barr's demand for a jury trial shall be stricken from the Answer.

Dated: July 27, 2006                              /s/ Gregory M. Sleet
                                                                   UNITED STATES DISTRICT JUDGE