IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 06-286 (GMS) ) ) ) ) ) ) |

## NOTICE OF SUBPOENA
## DIRECTED TO FMC BIOPOLYMER

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, the defendant, Barr Laboratories, Inc., has served a subpoena duces tecum upon FMC BioPolymer, in the form appended hereto, for the production of the documents described in "Exhibit A" to the subpoena.

February 5, 2007

*Of Counsel:*

**WINSTON & STRAWN LLP**
George C. Lombardi
Maureen L. Rurka
Julia M. Mano
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ Karen L. Pascale
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Fax: 302-571-1253

*Attorneys for Defendant Barr Laboratories, Inc.*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVENTIS PHARMACEUTICALS, INC. and SANOFI-AVENTIS US LLC<br><br>V.<br><br>BARR LABORATORIES, INC. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER:[1]  C.A. No. 06-286 (GMS)<br>(For a case pending in the District of Delaware) |

TO:
Custodian of Records
FMC BioPolymer
1735 Market Street
Philadelphia, Pennsylvania 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| FMC BioPolymer<br>1735 Market Street<br>Philadelphia, Pennsylvania 19103 | February 2, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Julia Mano*<br>Julia M. Mano, Attorney for Defendant Barr Laboratories, Inc. | January 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julia M. Mano, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601          (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE 1/18/07   PLACE 1735 Market St. Philadelphia, PA 19103

SERVED ON (PRINT NAME): Mary Ellen DeVito - Legal Administration for FMC Biopolymer
MANNER OF SERVICE: Hand Deliver

SERVED BY (PRINT NAME): Bradly Wood
TITLE: Special Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __1/18/07__
DATE

SIGNATURE OF SERVER

701 Market St. Suite 100 Philadelphia, PA 19106
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## EXHIBIT A

## DEFINITIONS WITH RESPECT TO ITEMS SUBPOENAED

The terms used in the following list of items subpoenaed shall be construed as follows:

A.  "FMC" means "FMC BioPolymer" and all of its predecessors, successors, parents, subsidiaries, affiliates, present and former directors, officers, employees, agents, representatives, investigators, attorneys, and all other persons acting or purporting to act for or on behalf of FMC involved in or related to the manufacture and/or sale of the Avicel® family of products.

B.  "Documents" means documents as defined in Fed. R. Civ. P. 34(a)(1).

C.  "Relating to" means to consist of, refer to, reflect, or be in any way legally, logically, or factually connected with the matter discussed.

D.  When a document or thing that "concerns" or "concerning" any given matter is sought, the request encompasses any document or thing, as the case may be, containing, constituting, evidencing, referring to, discussing, or prepared in connection with the matter.

E.  "Nasal products" means any pharmaceutical preparation that is delivered through the nose.

## INSTRUCTIONS

A.  Each document or thing or group of documents or things produced in response to the subpoena shall indicate the item number of the subpoena to which it is responsive.

B.  For purposes of this subpoena, a document or thing is deemed to be in your control if you have the right to secure the document or thing or a copy thereof from another person or entity having actual possession of the document or thing.

C.  If a claim of privilege is asserted with respect to a document responsive to any of these requests, the following information shall be provided with respect to each such document:

    (a)    the type of document, *e.g.*, letter or memorandum;

    (b)    the general subject matter of the document;

    (c)    the date of the document; and

    (d)    such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown

1

in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

## ITEMS SUBPOENAED

1.  Marketing materials, including but not limited to product brochures, for the Avicel® family of products that were publicly accessible during the 1994-1995 time period.

2.  Documents sufficient to identify, describe, or show all information regarding the physical compositions, characteristics and properties of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

3.  Documents sufficient to identify, describe, or show all information regarding the viscosity of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

4.  Documents sufficient to identify, describe, or show all information regarding the thixotropic properties of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

5.  Documents sufficient to identify, describe, or show all information regarding use of the Avicel® family of products in pharmaceutical products, including but not limited to nasal products, that was publicly accessible during the 1994-1995 time period.

3

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on February 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
>John G. Day, Esquire [jday@ashby-geddes.com]
>Tiffany Geyer Lydon, Esquire [tlydon@ashby-geddes.com]
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on February 5, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

>*By E-Mail*
>
>Paul H. Berghoff, Esquire [berghoff@mbhb.com]
>Joshua R. Rich, Esquire [rich@mbhb.com]
>Jeremy E. Noe, Esquire [noe@mbhb.com]
>Paul S. Tully, PhD. [tully@mbhb.com]
>MCDONNELL BOEHNEN HULBERT
>  & BERGHOFF LLP
>300 South Wacker Drive
>Chicago, Illinois 60606

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen L. Pascale*
>_____
>Josy W. Ingersoll (#1088)
>Karen L. Pascale (#2903)
>Karen E. Keller (#4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>Email: kpascale@ycst.com
>   *Attorneys for Defendant, Barr Laboratories, Inc.*