# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

AVENTIS PHARMACEUTICALS INC. and )
SANOFI-AVENTIS US LLC, )
) 
Plaintiffs, )
) 
v. )     C.A. No. 06-286-GMS
) 
BARR LABORATORIES, INC., )
) 
Defendant. )

## PLAINTIFFS' OBJECTIONS TO BARR'S NOTICE OF DEPOSITION OF PLAINTIFFS PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Aventis Pharmaceuticals, Inc. and Sanofi-Aventis US LLC ("Aventis"), by and through undersigned attorneys, hereby object to the June 1, 2007 "Notice of Deposition of Plaintiffs" ("Barr's Notice") by Defendant Barr Laboratories, Inc. ("Barr"). Aventis reserves the right to supplement and/or amend its responses as necessary

## GENERAL OBJECTIONS

Aventis asserts each of the following General Objections to each category of Barr's Notice. In addition to these General Objections, Aventis may also state specific objections to individual topics of Barr's Notice where appropriate. By setting forth such additional specific objections, Aventis does not in any way intend to limit or restrict its General Objections. Moreover, to the extent Aventis provides a witness to testify concerning any of the topics of Barr's Notice, this shall not constitute a waiver of any General or specific objection, and Aventis reserves the right to state additional objections at the time of the deposition.

1.     To the extent not expressly set forth herein, Aventis hereby incorporates by reference the General Objections, General Statements and all specific objections stated in Aventis's Responses and Objection to Barr's First and Second Sets of Interrogatories and

Document Requests, and such Objections and Statements apply to the topics of Barr's Notice of 30(b)(6) Deposition as fully as if set forth herein.

2.    Aventis objects generally to the topics set forth in Barr's Notice to the extent that they seek information and/or the production of documents and things protected by the Attorney-Client Privilege, Attorney-Work Product Immunity or any other applicable privilege or immunity, including materials prepared in anticipation of litigation or for trial. In the event that any such protected information is or has been produced by Aventis, such production is inadvertent and hence does not constitute a waiver of any privilege, immunity, or other applicable protection. Nothing contained herein shall be construed as a general waiver of protection afforded by the attorney-client privilege, attorney-work product immunity or any other applicable privilege or immunity.

3.    Aventis objects to any directions, definitions, rules of construction and/or instructions contained in Barr's Notice to the extent that they (1) change the common meaning of the English language with regard to any word or phrase, (2) alter the scope of discovery under the Federal Rules of Civil Procedure, and/or (3) define terms differently than such terms are defined under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, and/or the common law.

4.    Aventis objects to each matter to the extent it seeks discovery that is duplicative and/or cumulative of other discovery taken in this case.

5.    Aventis objects to each matter to the extent it calls for discovery that may be obtained through other, less burdensome means.

6.    Aventis objects to Barr's Notice to the extent the topics thereof seek testimony requiring, incorporating or based upon a legal conclusion. The testimony of any Aventis witness testifying pursuant to Barr's Notice shall not be construed to state, rely upon, or incorporate any legal conclusion concerning the matters that are the subject of the testimony.

7.    Aventis objects to each matter to the extent it seeks information as to matters not knowledgeable or reasonably available to Aventis. By stating that it will produce a witness

competent to testify on a matter, Aventis does not represent that it has any relevant information on that matter.

8.    Aventis objects to the time and place of the deposition specific in the notice. Aventis will make any designated witness(es) available at a time and location mutually agreed upon by the parties.

9.    Aventis objects to Barr's Notice to the extent the topics thereof call upon Aventis to investigate, collect, and disclose information that is not pertinent to the defenses and claims of any party and is thus neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Aventis objects to Barr's Notice to the extent the topics thereof seek expert testimony, the subject matter of any expert retained by Aventis or any documents within the scope of Fed. R. Civ. P. 26(b)(4).  Such expert information will be disclosed to Barr in accordance with the schedule set by the Court for exchange of such information.

11.    Aventis objects to all topics of Defendant's Notice that are not restricted in time as overly broad, unduly burdensome and seeking irrelevant information.

## GENERAL STATEMENTS

The following statements apply to all responses to Barr's Notice:

1.    The following specific responses and objections are made, and all testimony of any witnesses provided pursuant to Barr's Notice will be given, subject to the foregoing General Objections and these Statements, which may not be repeated in each specific response.  To the extent specific General Objections and/or Statements are cited in a specific response, those specific citations are provided because they are believed to be particularly relevant to the specific topic and are not to be construed as a waiver of any other General Objections or Statement applicable to information falling within the scope of the topic.

2.     These specific response and objections are made, and all testimony of any witnesses provided pursuant to Barr's Notice will be given, without waiver of, and specifically preserving:

a.     all questions and objections as to competency, relevancy, materiality, privilege and admissibility of each response herein as evidence in any further proceeding in this action, including trial;

b.     the right to object to the use of any testimony, or the subject matter thereof, in any further proceeding in this action, including trial, and in any other lawsuit or proceeding on any basis that would exclude such information from evidence;

c.     the right to object on any ground at any time to a demand or request for further testimony or any other discovery involving or relating to the subject matter of the testimony provided pursuant to Barr's Notice; and

d.     the right at any time to revise, correct, add to, supplement, or clarify any of the responses and objections contained herein or any testimony provided pursuant to Barr's Notice.

3.     In responding to Barr's Notice, Aventis does not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

4.     Aventis has not yet completed its investigation of the facts in this case and the parties have not yet completed discovery.  Accordingly, all responses and objections to Barr's Notice and testimony provided in responses thereto are made and provided without prejudice to Aventis's right to revise and/or supplement such responses, objections and testimony based on subsequent investigation.

## TOPICS FOR EXAMINATION

**Deposition Topic No. 1.**

1.    The facts and circumstances related to the decision to file the applications from which the '573 and '329 patents issued.

**Response to Deposition Topic No. 1.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 1 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The decision to file the applications from which the '573 and '329 patents issued is not related to the issues in the litigation and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all facts and circumstances related to these decisions. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 2.**

2.    The research and development (including, but not limited to, the design, formulation, evaluation, in vivo, in vitro, or clinical testing, or modification) of Nasacort® AQ and the invention(s) allegedly disclosed in the '573 and '329 patents.

**Response to Deposition Topic No. 2.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 2 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Deposition Topic No. 2 fails to describe with reasonable particularity the matters on which examination is requested and is virtually limitless in scope. Not all information concerning the research and development of Nasacort® AQ and the inventions disclosed in the '573 and '329 patents is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning this research and development. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 3.**

3.    The facts and circumstances relating to the clinical trials described in the article Kobayashi, *et. al., Triamcinolone Acetonide Aqueous Nasal Spray for the Treatment of Patients with Perennial Allergic Rhinitis: A Multicenter, Randomized, Double-Blind Placebo-Controlled Study*, Clinical Therapeutics *17:503-513* (1995).

**Response to Deposition Topic No. 3.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 3 on the ground that it is overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Not all facts and circumstances relating to the clinical trials described in Kobayashi are related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning these clinical trials. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 4.**

4.       The facts and circumstances relating to the clinical trials described in the article Settipane, *et. al., Triamcinolone Acetonide Aqueous Nasal Spray in Patients with Seasonal Ragweed Allergic Rhinitis: A Placebo-Controlled, Double-Blind Study*, Clinical Therapeutics *17:252-263 (1995).*

**Response to Deposition Topic No. 4.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 4 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Not all facts and circumstances concerning the clinical trials described in Settipane are related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning these clinical trials. Aventis further objects to

this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 5.**

5.       The positron emission tomography testing of the two volunteers described in the specifications of the '573 and '329 patents.

**Response to Deposition Topic No. 5.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 5 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Not all information concerning the positron emission tomography testing of the two volunteers is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence.   In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning this testing.   Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 6.**

6.    Testing of Nasacort® AQ and/or any other nasal spray relating to nasal deposition and/or nasal clearance of administered product, including, but not limited to, PET scanning, gamma scintigraphy, any process for imaging the nasal cavity and/or any simulation or modeling of nasal anatomy or clearance.

**Response to Deposition Topic No. 6.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 6 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Not all information concerning the testing of Nasacort AQ is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Aventis further objects to this topic as overbroad as the testing of any other nasal spray is not related to any issues in this litigation.  In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning the testing of Nasacort® AQ relating to nasal deposition and/or nasal clearance.  Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges.  Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to Nasacort AQ solely to the extent the testimony is related to the issues in this case and is not privileged.

**Deposition Topic No. 7.**

7.      The historical, current and future market for the field of nasal sprays for the treatment of rhinitis, including, but not limited to, Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler.

**Response to Deposition Topic No. 7.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 7 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Deposition Topic No. 7 fails to describe with reasonable particularity the matters on which examination is requested and is virtually limitless in scope. Further, not all information concerning the market for the field of Nasacort AQ is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Aventis further objects to this topic as overbroad as the market for the field of any nasal spray other than Nasacort AQ is not related to any issues in this litigation. Also, this topic seeks expert testimony from a lay witness. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning the market for the field of Nasacort AQ. Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to the historical and current market for the field of Nasacort AQ solely to the extent the

testimony is related to the issues in this case and is not privileged. No witness will be designated to testify on Topic No. 7 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

### Deposition Topic No. 8.

8.      Any analyses, forecasts or projections, including market size, prescriptions, demand, competition, market participants, market share, sales, prices and profits, relating to the market for nasal sprays for the treatment of rhinitis, including, but not limited to, Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler.

### Response to Deposition Topic No. 8.

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 8 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Deposition Topic No. 8 fails to describe with reasonable particularity the matters on which examination is requested and is virtually limitless in scope. Further, not all information concerning analyses, forecasts or projections relating to the marketing of Nasacort AQ is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Aventis further objects to this topic as overbroad as the market for nasal sprays other than Nasacort AQ is not related to any issues in this litigation. Also, this topic seeks expert testimony from a lay witness. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning analyses, forecasts or projections relating to the market for Nasacort AQ. Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case. Aventis further objects to this

11

topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to the marketing of Nasacort AQ solely to the extent the testimony is related to the issues in this case and is not privileged. No witness will be designated to testify on Topic No. 8 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

**Deposition Topic No. 9.**

9.       The unit sales of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler and all revenues from the sale of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler from the time they were first marketed to the present.

**Response to Deposition Topic No. 9.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 9 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Aventis further objects to this topic as overbroad as the sales for Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler are not related to any issues in this litigation. Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to the sales of Nasacort AQ

solely to the extent the testimony is related to the issues in this case and is not privileged.  No witness will be designated to testify on Topic No. 9 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

### Deposition Topic No. 10.

10.    The gross and net profit margins for the sale of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler from the time they were first marketed to the present.

### Response to Deposition Topic No. 10.

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 10 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Aventis further objects to this topic as overbroad as the profit margins for Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler are not related to any issues in this litigation.  Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case.  Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges.  Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to the profit margins of Nasacort AQ solely to the extent the testimony is relevant to the issues in this case and is not privileged.  No witness will be designated to testify on Topic No. 10 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

**Deposition Topic No. 11.**

11.    The pricing of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler, and Plaintiffs' pricing policies and discounting practices for Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler from the time they were first marketed to the present.

**Response to Deposition Topic No. 11.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 11 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Not all information concerning Aventis' pricing or discounting practices of Nasacort AQ is related to the issues in this case and the topic is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Aventis further objects to this topic as overbroad as the pricing and policies for Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler are not related to any issues in this litigation.  Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case.  Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges.  Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to Nasacort AQ solely to the extent the testimony relates to the issues in this case and is not privileged.  No witness will be designated to testify on Topic No. 11 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

**Deposition Topic No. 12.**

12.     Factors, concerns and trends affecting sales of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler.

**Response to Deposition Topic No. 12.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 12 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Deposition Topic No. 12 fails to describe with reasonable particularity the matters on which examination is requested and is virtually limitless in scope. Further, not all information concerning factors, concerns and trends affecting sales of Nasacort® AQ is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Aventis further objects to this topic as overbroad as the sales of Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler are not related to any issues in this litigation. Also, this topic seeks expert testimony from a lay witness. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning factors, concerns and trends relating to the sales of Nasacort AQ. Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to the sales of Nasacort AQ solely to the extent the testimony is related to the issues in this case and is not privileged. No witness

will be designated to testify on Topic No. 12 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

**Deposition Topic No. 13.**

13.     Marketing of Nasacort® AQ, Nasacort® Nasal Inhaler, and Nasacort® HFA Nasal Inhaler.

**Response to Deposition Topic No. 13.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 13 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Deposition Topic No. 13 fails to describe with reasonable particularity the matters on which examination is requested and is virtually limitless in scope. Further, not all information concerning the marketing of Nasacort® AQ is related to the issues in this case and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Aventis further objects to this topic as overbroad the marketing of Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler are not related to any issues in this litigation. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all information concerning the marketing of Nasacort AQ. Aventis further objects to this topic as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because this topic relates to damages, which are not at issue in this case. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic as it relates to Nasacort AQ solely to the extent

the testimony is related to the issues in this case and is not privileged. No witness will be designated to testify on Topic No. 13 to the extent it relates to Nasacort® Nasal Inhaler and Nasacort® HFA Nasal Inhaler.

**Deposition Topic No. 14.**

14.    The facts and circumstances related to the decision to discontinue manufacturing and/or marketing Nasacort® Nasal Inhaler.

**Response to Deposition Topic No. 14.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 14 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Aventis objects to this topic as overbroad as the manufacturing and marketing of Nasacort® Nasal Inhaler are not related to any issues in this litigation. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. No witness will be designated to testify on Topic No. 14.

**Deposition Topic No. 15.**

15.    The facts and circumstances related to the decision to develop and/or market Nasacort® HFA Nasal Inhaler.

**Response to Deposition Topic No. 15.**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 15 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Aventis objects to this topic as overbroad as the decision to develop and/or market Nasacort® HFA Nasal Inhaler is not

related to any issues in this litigation. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. No witness will be designated to testify on Topic No. 15.

### Deposition Topic No. 16.

16.    The facts and circumstances relating to the decision to file NDA 20-468.

### Response to Deposition Topic No. 16

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 16 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The decision to file NDA 20-468 is not related to any issues in the litigation and the topic is therefore not reasonably calculated to lead to the discovery of admissible evidence. In addition, it would be unduly burdensome for Aventis to be required to prepare a witness to testify to all facts and circumstances related to these decisions. Aventis further objects to this topic to the extent it seeks disclosure of information or communications protected by attorney-client privilege, the attorney work product doctrine and/or other applicable privileges. Without waiving its objections and subject to them, Aventis will produce a witness in accordance with Fed. R. Civ. P. 30(b)(6) to testify about this topic solely to the extent the testimony is related to the issues in this case and is not privileged.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago Illinois 60606
(312) 913-0001

Dated:  May 22, 2007
180827.1