IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) | |
| Plaintiffs, | ) | C.A. No. 06-286 (GMS) |
| v. | ) | |
| BARR LABORATORIES, INC. | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENAS**

TO: PLAINTIFFS AVENTIS PHARMACEUTICALS INC. AND SANOFI-AVENTIS US LLC AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Barr Laboratories, Inc. has served the subpoenas attached hereto at Tabs 1-3 and directed to the following: 1) Schering Corp., 2) FMC BioPolymer, and 3) GlaxoSmith Kline.

Dated: June 15, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tele: (302) 571-6600
Fax: (302) 571-3467
kkeller@ycst.com

George C. Lombardi
Maureen L. Rurka
Julia M. Mano
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700

Robert C. Millonig
Eldora L. Ellison
Laura A. Vogel
STERNE KESSLER GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005
Tele: (202) 371-2600
Fax: (202) 371-2540

*Attorneys for Defendant Barr Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on June 15, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on June 15, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Paul H. Berghoff, Esquire berghoff@mbhb.com
Joshua R. Rich, Esquire rich@mbhb.com
Jeremy E. Noe, Esquire noe@mbhb.com
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
kkeller@ycst.com

# TAB 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

AVENTIS PHARMACEUTICALS, INC. and SANOFI-AVENTIS US LLC

V.

BARR LABORATORIES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] C.A. No. 06-286 (GMS)
(For a case pending in the District of Delaware)

TO:
Schering Corp.
2000 Galloping Hill Road
Kenilworth, New Jersey 07033

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Woodbridge<br>90 Woodbridge Center<br>Suite 340<br>Woodbridge, New Jersey 07095 | July 5, 2007<br>1:00 p.m. |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Julia Mano<br>Julia M. Mano, Attorney for Defendant Barr Laboratories, Inc. | June 14, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julia M. Mano, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601 (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in the subpoenas served on Schering Corp. and Schering Plough Corp. (collectively, "Schering") on August 3, 2006 in the above-captioned case shall apply and are incorporated herein by reference.

## TOPICS FOR DEPOSITION

1. Documents produced in response to the subpoena served on Schering on August 3, 2006 in the above-captioned case.

2. The formulation for Vancenase AQ® 0.042% nasal spray (NDA No. 019589) as of the approval date of NDA No. 019589, December 23, 1987, and any and all modifications to the Vancenase AQ® 0.042% formulation from December 23, 1987 to the present and the date of any such modification.

3. The formulation for Vancenase AQ® 0.084% nasal spray (NDA No. 020469) as of the approval date of NDA No. 020469, June 26, 1996, and any and all modifications to the Vancenase AQ® 0.084% formulation from June 26, 1996 to the present and the date of any such modification.

4. The size of the solid particles of beclomethasone dipropionate monohydrate medicament contained in Vancenase AQ® 0.042% nasal spray from December 23, 1987 to the present.

5.  The size of the solid particles of beclomethasone dipropionate monohydrate medicament contained in Vancenase AQ® 0.084% nasal spray from June 26, 1996 to the present.

# TAB 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

AVENTIS PHARMACEUTICALS, INC. and SANOFI-AVENTIS US LLC

V.

BARR LABORATORIES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] C.A. No. 06-286 (GMS)
(For a case pending in the District of Delaware)

TO:
FMC BioPolymer
1735 Market Street
Philadelphia, Pennsylvania 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Philadelphia<br>1600 JFK Blvd.<br>Suite 1210<br>Philadelphia, PA 19103 | July 6, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Julia Mano<br>Julia M. Mano, Attorney for Defendant Barr Laboratories, Inc. | June 14, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julia M. Mano, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601 (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________
DATE SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other.protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

The definitions and instructions set forth in the subpoena served on FMC BioPolymer on January 19, 2007 in the above-captioned case shall apply and are incorporated herein by reference.

**TOPICS FOR DEPOSITION**

1. Documents produced in response to the subpoena served on FMC BioPolymer on January 19, 2007 in the above-captioned case.

2. Marketing materials for the Avicel® family of products that were publicly accessible during the 1994-1995 time period.

3. Information regarding the physical compositions, characteristics and properties of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

4. Information regarding the viscosity of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

5. Information regarding the thixotropic properties of the Avicel® family of products that was publicly accessible during the 1994-1995 time period.

6. Information regarding use of the Avicel® family of products in pharmaceutical products, including but not limited to nasal products, that was publicly accessible during the 1994-1995 time period.

# TAB 3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AVENTIS PHARMACEUTICALS, INC. and SANOFI-AVENTIS US LLC

V.

BARR LABORATORIES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] C.A. No. 06-286 (GMS)
(For a case pending in the District of Delaware)

TO:
GlaxoSmithKline
One Franklin Plaza
Philadelphia, PA 19101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Philadelphia<br>1600 JFK Blvd.<br>Suite 1210<br>Philadelphia, PA 19103 | July 6, 2007<br>1:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Julia Mano<br>Julia M. Mano, Attorney for Defendant Barr Laboratories, Inc. | June 14, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julia M. Mano, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601 (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

The definitions and instructions set forth in the subpoena served on GlaxoSmithKline ("GSK") on August 3, 2006 in the above-captioned case shall apply and are incorporated herein by reference.

**TOPICS FOR DEPOSITION**

1. Documents produced in response to the subpoena served on GSK on August 3, 2006 in the above-captioned case.

2. The formulation for Flonase® nasal spray (NDA No. 020121) as of the approval date of NDA No. 020121, October 19, 1994, and any and all modifications to the Flonase® formulation from October 19, 1994 to the present and the date of any such modification.

3. The formulation for Beconase AQ® nasal spray (NDA No. 019389) as of the approval date of NDA No. 019389, July 27, 1987, and any and all modifications to the Beconase AQ® formulation from June 27, 1987 to the present and the date of any such modification.

4. The size of the solid particles of fluticasone propionate medicament contained in Flonase® nasal spray from October 19, 1994 to the present.

5. The size of the solid particles of beclomethasone dipropionate monohydrate medicament contained in Beconase AQ® nasal spray from July 27, 1987 to the present.