IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-286 GMS |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on July 5, 2007 and July 23, 2007, the court conducted discovery teleconferences in the above-captioned action;

WHEREAS, during both teleconferences, the parties raised a privilege issue with the court, specifically, whether certain documents produced by the defendant should be returned as inadvertently produced attorney-client privilege and/or work-product;

WHEREAS, at the conclusion of the teleconferences, the court reserved judgment on the issue and advised the parties that it would examine their case citations on the issue before rendering its opinion;

WHEREAS, in the Third Circuit, "[t]he traditional elements of the attorney client privilege that identify communications that may be protected from disclosure in discovery are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal

proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client;[1]

WHEREAS, after having examined the documents in question in the context of the relevant case law, the court concludes that, in spite of attorney argument, it is not apparent from the face of the documents that the facts contained therein were solicited by an attorney for the purpose of rendering legal advice;

WHEREAS, the court further concludes that the documents are not protected by the attorney-client privilege, and that reaching the opposite result in this case would impermissibly expand the privilege; and

WHEREAS, the court also has considered the defendant's argument and pertinent case law regarding the work-product privilege, and concludes that the privilege is inapplicable to the documents in question;[2]

---

[1] *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (citing *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-58 (D. Mass. 1950)).

[2] The documents and testing at issue here predate the defendant's March 20, 2006 notification to the plaintiff regarding its filing of an Abbreviated New Drug Application ("ANDA") and Paragraph IV certification. Accordingly, they were not prepared "in anticipation of litigation," as required for work-product protection. *See In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 185 (holding that documents created *on or after* the patentee receives a Paragraph IV certification letter are created in reasonable anticipation of litigation and protected by the work-product privilege) (emphasis added); *see also SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, No. 00 C 2855, 2001 WL 1397876, at * 4 ("[R]esearch conducted before the ANDA was submitted was not done solely for the purpose of litigation, and any documents reflecting that research were not created for litigation. . . .")

IT IS HEREBY ORDERED that:

1. The defendant's request for return of the documents raised and discussed during the July 5, 2007 and the July 23, 2007 discovery teleconferences is DENIED.


Dated: August 1, 2007                    /s/ Gregory M. Sleet
                                         CHIEF, UNITED STATES DISTRICT JUDGE