IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | C.A. No. 06-286-GMS ) ) |
| BARR LABORATORIES, INC., | ) ) ) |
| Defendant. | ) ) |

## JOINT SUBMISSION REGARDING CLAIM TERMS AT ISSUE

In accordance with the Court's Order dated October 31, 2007, the parties jointly submit the following listing of claims terms at issue and the claims in which each term is found:

(1) "**thixotropic**" – all claims;

(2) "**pharmaceutically effective amount**" – '573 patent, claims 1-4, 21-23, 24, 26-30, 34-35; '329 patent, claims 6-12, 14-17, 22-24;

(3) "**the viscosity of the composition in unsheared form is relatively high, with the composition being a gel having said particles suspended therein**" – '573 patent, claims 1-4; '329 patent, claims 6-12 (except that Plaintiffs do not contest Barr's construction of "relatively high");

(4) "**in deposited form on the mucosal surfaces, the viscosity of the composition is relatively high and such that it resists being cleared from the mucosal surfaces by the inherent mucocillary forces which are present in the nasal cavity.**" – '573 patent, claims 1-4; '329 patent claims 6-12;

(5) "**in deposited form on the mucosal surfaces, the viscosity of the composition is about 400 to about 800 cp and such that it resists being cleared from the mucosal surfaces by the inherent mucocillary forces which are present in the nasal cavity**." – '573 patent, claims 5-10, 21-24, 26-30; '329 patent, claims 1, 3-5.

The parties disagree over whether the meaning of the following claim term is in dispute:

(6) "**the mucosal surfaces of the nasal cavity**" – '573 patent, claims 1-10; '329 patent, claims 1, 3-17, 22-24.

Aventis submits that the parties reached agreement on the meaning of this term, as indicated in their Answering Briefs. (D.I. 120, p. 4 ("The parties agree that 'mucosal surfaces [of the nasal cavity]' means 'the mucous membranes that line, among other things, the anterior regions of the nose, the turbinates, and the maxillary and frontal sinuses' and that the term does not give rise to any written description or indefiniteness defense under 35 U.S.C. § 112."); D.I. 118, p. 2 ("The parties have also reached an agreement that 'mucosal surfaces' should be construed as 'the mucous membranes.'")).

Barr submits that Plaintiffs do not agree with Barr that '573 patent claims 1-10 and '329 patent claims 1, 3-17 and 22-24 require the claimed composition to deposit on "the mucous membranes that line, among other things, the anterior regions of the nose, the turbinates and the maxillary and frontal sinuses." (*See, e.g.*, D.I. 114, '573 patent claim 1(B)(ii) and (iii) (Plaintiffs' construction requires "deposit on mucosal regions" and "deposition on mucosal surfaces" and "the mucosal surfaces on which [the composition] is deposited"; Barr's construction requires that the composition "deposits on the mucosal surfaces of the nasal cavity").) Thus, the parties disagree as to the meaning of the phrase "the mucosal surfaces of the

2

nasal cavity" in the context of these particular claims. Accordingly, the Court should address the issue as part of the claim construction proceedings.

| ASHBY & GEDDES | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Tiffany Geyer Lydon* | */s/ Josy W. Ingersoll* |
| Steven J. Balick (#2114) | Josy W. Ingersoll (#1088) |
| John G. Day (#2403) | Karen L. Pascale (#2903) |
| Tiffany Geyer Lydon (#3950) | Karen E. Keller (#4489) |
| 500 Delaware Avenue, 8th Floor | The Brandywine Building |
| P.O. Box 1150 | 1000 West Street, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 654-1888 | (302) 571-6600 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

185796.1