IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-286-GMS |
| v. | ) ) ) | |
| BARR LABORATORIES, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendant. | ) | |

**PLAINTIFFS' FIRST MOTION *IN LIMINE* (CONCERNING THE SUPPLEMENTAL EXPERT REPORT OF BARRY A. SIEGEL, M.D.)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

Of Counsel:

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

{00206861;v1}

Plaintiffs submit this motion *in limine* to preclude Dr. Barry A. Siegel, one of Defendant's expert witnesses, from testifying at trial concerning the opinions expressed in his "supplemental" expert report, served March 4, 2008, because that report was not timely served. The opinions in that report should have been included, if at all, in Dr. Siegel's opening or responsive expert report.

## I.     BACKGROUND

The Scheduling Order in this case, (D.I. 23), originally provided that opening expert reports concerning issues on which a party bears the burden of proof would be served on January 7, 2008; responsive experts reports would be served on February 7, 2008; and expert discovery would close on March 7, 2008. At Barr's insistence, Plaintiffs agreed to a third round of expert reports, concerning Defendants' rebuttal of Plaintiffs' assertions of secondary considerations of nonobviousness. Accordingly, the parties stipulated to a modification of the expert discovery schedule, (D.I. 124), providing that opening reports would be served on January 7, 2008; responsive expert reports, including Plaintiffs' reports on secondary considerations of non-obviousness, would be served on January 31, 2008; and Defendants' rebuttal reports on Plaintiffs' assertions of secondary considerations of non-obviousness would be served on February 21, 2008.

Defendant has served four expert reports authored by Barry A. Siegel, M.D. in this case. In the opening round of reports, on January 7, 2008, Defendant served the "Expert Report of Barry A. Siegel, M.D." Ex. A ("Siegel Opening Report"). In the second round of reports, on January 31, 2008, Defendant served the "Responsive Expert Report of Barry A. Siegel, M.D.", in which Dr. Siegel responded to the "assertions and conclusions made in the Berridge Report." Ex. B ("Siegel Responsive Report"). On February 21, 2008, Defendant served the "Reply Expert

Report of Barr A. Siegel, M.D," responding to assertions and conclusions made in the Berridge Rebuttal Report. Ex. C ("Siegel Reply Report"). Finally, on March 4, 2008, Defendant served the "Supplemental Expert Report of Barry A. Siegel, M.D.",

**REDACTED**

" Ex. D ("Siegel Supplemental Report").

## II. ARGUMENT

The opinions in the Siegel Supplemental Report are improper and should be stricken because they were untimely served, in violation of Fed. R. Civ. P. 26(a)(2)(B) and the Stipulated Order signed by the parties. Plaintiffs are unfairly prejudiced by the inability to respond to the new positions set forth in the Siegel Supplemental Report, particularly when these positions could have, and should have been, offered in Dr. Siegel's first two reports.

According to Fed. R. Civ. P. 26(a)(2)(B), initial expert reports must disclose "a complete statement of all opinions the witness will express and the basis and reasons for them." In addition, Rule 16(b) of the Federal Rules of Civil Procedure authorizes a district court to control and expedite pretrial discovery through a scheduling order, like the one entered in this case, and may prohibit a party that violates a scheduling order from introducing designated matters in evidence. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(B). Moreover, while Rule 26(e)(1) permits supplementation of expert reports in certain limited circumstances, it "is not intended to provide an extension of the expert designation and report production deadlines . . . . Permissible supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Cook et al. v. Rockwell Int'l Corp. et al.*, No. 90-cv-00181-JLK, 2006 U.S. Dist. LEXIS 89121, at *287 (D. Col. Dec. 7, 2006) (internal quotations omitted). As the party failing

to make the required disclosure, it is Defendant's burden to establish substantial justification for its failure to timely submit the opinions set forth in the Siegel Supplemental Report and it is Defendant's burden to show that such failure is harmless to Plaintiffs. *See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Company, Inc.*, 2007 WL 979854, *12 (D.N.J. 2007), citing *Yetti by Molly v. Deckers Outdoor Corp.*, 259 F.3d. at 1101, 1107 (9th Cir. 2001).

The Siegel Supplemental Report violates both Rule 26(a)(2)(B) and this Court's Stipulated Order.

**REDACTED**

"Deposits in the frontal sinus" is one of the claim terms of the patents in suit.

**REDACTED**

The Stipulated Order simply does not provide for a fourth round of expert reports. Defendant may not buttress its invalidity and noninfringement position in this way; all of its positions were to be provided by the deadlines set forth in the Stipulated Order.

**REDACTED**

However, this is merely a strawman justification for his untimely report.     **REDACTED**

**REDACTED**

This was not new information to Dr. Siegel. Before he prepared his own opening report, Dr. Siegel had access to all of the raw data that was used by Dr. Berridge in answering these deposition questions

**REDACTED**

Therefore, Dr. Siegel could have and, pursuant to Rule 26(a)(2)(B) and the Stipulated Order, *should* have provided any opinions relating to noninfringement in his first or second report.

**REDACTED**

Plaintiffs are prejudiced by this last-minute analysis conducted by Dr. Siegel. Dr. Siegel's supplemental expert report was submitted after Dr. Berridge had served his reports (pursuant to the schedule established in the Stipulated Order) and after Barr had deposed Dr. Berridge. Although Plaintiffs had an opportunity to depose Dr. Siegel about his supplemental report, **REDACTED** ., Plaintiffs would have had to retain a new expert, **REDACTED**

District courts frequently have excluded expert testimony from trial in circumstances like these, where expert reports were not served in accordance with Rule 26(a)(2)(B) or a Scheduling Order. *See, e.g., Aid for Women et al. v. Foulston et al.*, No. 03-1353-JTM, 2005 U.S. Dist. LEXIS 45617, at *13 (D. Kan. Jul. 14, 2005) (finding that a "Supplemental Report is, in fact, a surrebuttal report" and striking the report for that reason); *Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co. et al.*, No. C05-00198 JW (HRL), 2007 U.S. Dist. LEXIS 16233, at *8 (N.D. Cal. Feb. 23, 2007) (striking an expert report because "this court does not agree that the Scheduling Order was intended to provide an indefinite window of opportunity for an expert to disclose his opinions and the bases for them"). Consistent with these cases, Dr. Siegel should not be allowed to testify concerning the opinions contained in his untimely expert report.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Siegel Supplemental Report, and preclude Defendant from offering testimony at trial concerning the opinions expressed therein.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

# EXHIBITS A – E

# REDACTED IN THEIR ENTIRETY