IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-286-GMS ) |
| v. | ) **REDACTED** ) **PUBLIC VERSION** |
| BARR LABORATORIES, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFFS' SECOND MOTION *IN LIMINE*
(CONCERNING THE EXPERT REPORT OF DR. IAN S. MACKAY)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

{00206903;v1}

Plaintiffs submit this motion *in limine* to preclude Dr. Ian S. Mackay, one of Defendant's expert witnesses, from testifying at trial concerning the opinions in his opening expert report relating to

**REDACTED**

– because: (1) those opinions are duplicative of the opinions of another of Defendant's expert witnesses, Dr. Maureen D. Donovan, in violation of the Final Pretrial Order; and (2) Dr. Mackay did not disclose the articles he reviewed and considered in forming those opinions, in violation of Fed. R. Civ. P. 26(a)(2)(B).

I.  BACKGROUND

The original Scheduling Order in this case, (D.I. 23), provided that expert reports concerning issues on which a party bears the burden of proof would be served on January 7, 2008, and responsive expert reports would be served on February 7, 2008. Because of Barr's insistence that it be permitted to respond to issues regarding secondary considerations of nonobviousness, the parties agreed to a modification of the expert discovery schedule, (D.I. 124), to allow Barr to serve a third round of expert reports (due on February 21, 2008) that would be limited to secondary considerations of nonobviousness.

In the first round of expert reports, Barr served an expert report from Dr. Maureen Donovan

**REDACTED**

Barr did not serve an expert report from Dr. Mackay in the first round of expert reports.

In the second round of expert reports, Barr served an expert report from Dr. Mackay

**REDACTED**

During the same round of reports, Barr also

served a report from Dr. Donovan,

**REDACTED**

## II. ARGUMENT

### A. The Opinions in Paragraphs 11-18 and 30-43 of Dr. Mackay's Second-Round Report Are Duplicative of the Opinions of Dr. Maureen D. Donovan, and Therefore Should Be Stricken

The Final Pretrial Order in this case, n.5, states as follows: "Only one expert witness on each subject for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject matter of each expert's testimony shall be specified." Dr. Mackay's second-round report covers much of the same ground as Dr. Donovan's first-round and second-round reports. Because Barr has indicated that Dr. Donovan will testify on topics of nasal anatomy and whether products such as Nasacort AQ reach the frontal sinus, Dr. Mackay should be prohibited from doing so.

In this case, Dr. Mackay and Dr. Donovan include opinions in their expert reports that are duplicative of one another. They both express opinions on the same features **REDACTED**

**REDACTED** Indeed, they incorporate some of the same figures in their reports.

**REDACTED**

**REDACTED**

Accordingly, because Dr. Mackay's second-round report is in violation of the Final Pretrial Order, which states that only one expert witness will be permitted to testify on each subject, Plaintiffs respectfully move the Court to strike paragraphs 30-43 of the Mackay Opening Report and to preclude Defendant from offering testimony at trial concerning the opinions expressed therein.

### B. Dr. Mackay Did Not Disclose the Information He Reviewed in Forming the Opinions in Paragraphs 30-43 of His Opening Expert Report, and Therefore the Opinions Should be Stricken

According to Fed. R. Civ. P. 26(a)(2)(B), initial expert reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other information considered by the witness in forming the opinions . . . ." Moreover, Rule 37 provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

**REDACTED**

**REDACTED**

\* \* \*

**REDACTED**

Because Dr. Mackay failed to list these references in his opening expert report, as required by Rule 26(a)(2)(b), Plaintiffs were denied an opportunity to fully examine Dr. Mackay on the basis for his opinions **REDACTED**

Accordingly, paragraphs 30-43 of the Mackay Opening Report do not comply with Fed. R. Civ. P. 26(a)(2)(B).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike paragraphs

30-43 of the Mackay Opening Report and preclude Defendant from offering testimony at trial concerning the opinions expressed therein.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*

        Steven J. Balick (I.D. #2403)
        John G. Day (I.D. #2114)
        Tiffany Geyer Lydon (I.D. #3950)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

        *Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

{00206903;v1}        5

# EXHIBITS A – D

# REDACTED IN THEIR ENTIRETY

Case 1:06-cv-00286-GMS    Document 168    Filed 04/14/2008    Page 7 of 7