IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) |
| Plaintiffs, | ) C.A. No. 06-286-GMS ) |
| v. | ) **REDACTED** ) **PUBLIC VERSION** |
| BARR LABORATORIES, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFFS' THIRD MOTION *IN LIMINE*
(CONCERNING THE RESPONSIVE EXPERT REPORT OF DR. IAN S. MACKAY)**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

Plaintiffs submit this motion *in limine* to preclude Dr. Ian S. Mackay, one of Barr's expert witnesses, from testifying at trial concerning certain opinions on subjects that were timely raised by other Barr expert witnesses, but were also untimely provided in Dr. Mackay's responsive expert report, served in the third round of expert reports on February 21, 2008. That is, in the first round of expert reports,

**REDACTED**

but Dr. Mackay seeks to testify regarding the same subjects based on his third-round report. Dr. Mackay should not be permitted to do so. In addition, paragraph 11 of Dr. Mackay's third-round report is based exclusively on a source that he did not and could not identify (in violation of Rule 26(a)(2)(B)), and which Barr has not produced.

### I. BACKGROUND

The original Scheduling Order in this case, (D.I. 23), provided that expert reports concerning issues on which a party bears the burden of proof would be served on January 7, 2008, and responsive expert reports would be served on February 7, 2008. Upon Barr's insistence, the parties agreed to a modification of the expert discovery schedule, (D.I. 124), to allow Barr to serve a third round of expert reports (due on February 21, 2008) that would be limited to secondary considerations of nonobviousness.

In the first round of expert reports, Barr served two reports relating to issues of nonobviousness:

**REDACTED**

{00206934;v1}

**REDACTED**

*See* Ex. A, Expert Report of Maureen D. Donovan, Ph.D.; Ex. B, Expert Report of Thomas E. Needham, Ph.D. Barr did not serve an expert report from Dr. Mackay in the first round of reports.

In the second round of expert reports, Aventis responded to Barr expert reports (including those of Drs. Donovan and Needham).

**REDACTED**

Barr served expert reports as well, including one by Dr. Mackay.[1]

**REDACTED**               2

Although the third round of reports was to be limited to arguments on secondary considerations, Barr served another report by Dr. Mackay that addressed both secondary considerations and other issues. *See* Ex. C, Responsive Expert Report of Dr. Ian S. Mackay.

**REDACTED**

– Aventis agrees that those paragraphs address subjects proper for the third round of expert reports.

**REDACTED**

---

[1] Barr later indicated that Dr. Donovan will not be testifying on the scope and content of the prior art or a comparison of prior art references to the claims and Dr. Needham will not be testifying on the level of ordinary skill in the art.
[2] Dr. Mackay's second-round report is the subject of Aventis's Second Motion in Limine.

## II. ARGUMENT

### A. The Opinions in Paragraphs 10-12, 14, 20, 29-30, 32-57 and 66-67 of Dr. Mackay's Responsive Expert Report Are Duplicative of the Opinions of Drs. Donovan and Needham, and Therefore Should Be Stricken

The Final Pretrial Order in this case, n. 5, states as follows: "Only one expert witness on each subject for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject matter of each expert's testimony shall be specified." Here, however, Barr has served an expert report that discusses the same subjects – indeed, analyzes the same articles and reaches the same conclusions – as the first-round reports of Drs. Donovan and Needham. Barr has indicated that Drs. Donovan and Needham will testify on those topics in Barr's case-in-chief, so Dr. Mackay should be prohibited from testifying on them in rebuttal. Those topics are set forth below:

| Subject of Testimony | First-Round Report | Third-Round Report |
| --- | --- | --- |
| Nature of Prior Art Products | Needham, ¶¶ 32, 35-37, 39 | Mackay, ¶ 10 |
| Nature of Prior Art Products | Needham, ¶ 33 | Mackay, ¶ 11 |
| Nature of Prior Art Products | Needham, ¶ 34 | Mackay, ¶ 12 |
| Nature of Prior Art Products | Needham, ¶¶ 34, 36 | Mackay, ¶ 14 |
| Nature of Prior Art Products | Needham, ¶¶ 47, 49 | Mackay, ¶ 20 |
| **REDACTED** | Needham, ¶¶ 86-89 | Mackay, ¶ 29-30, 32-57 |
| Nasal Anatomy | Donovan, ¶ 21 | Mackay, ¶ 66 |
| Nasal Anatomy | Donovan, ¶ 36 | Mackay, ¶ 67 |

Barr has argued that it should be permitted to have two experts testify on those subjects (which indisputably relate to the scope and content of the prior art and a comparison of the prior

art to the claims) because the same subjects relate to secondary considerations. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966) (describing four separate factors). As discussed below, Barr is incorrect. But regardless of whether the same subject impacts both the second and third *Graham* obviousness factors, as well as the fourth factor, only one expert should testify on them. Because Barr has refused to withdraw the first-round reports and testimony of Drs. Donovan and Needham expressed in the paragraphs set forth above, Dr. Mackay should be prohibited from testifying on the same subjects in rebuttal.

> **B. The Opinions in Paragraphs 5-57, 66-67 of Dr. Mackay's Responsive Expert Report Were Not Timely Served, and Therefore Should Be Stricken**

Paragraphs 5 through 57, 66, and 67 of Dr. Mackay's third-round report address subjects that Barr was required to raise, if at all, in first-round reports. As set forth above, Barr raised those subjects in first-round reports, but seeks to revisit them with Dr Mackay. Dr. Mackay's untimely opinions are either background (unrelated to secondary considerations) or attempts to address the primary obviousness considerations under the guise of secondary considerations.

**REDACTED**

Thus, those paragraphs of Dr. Mackay's third-round report should be stricken.

> **C. Dr. Mackay Did Not Disclose the Information He Reviewed in Forming the Opinion in Paragraph 11 of His Responsive Expert Report, and Therefore the Opinion Should be Stricken**

According to Fed. R. Civ. P. 26(a)(2)(B), initial expert reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other information considered by the witness in forming the opinions . . . ." The cure for such a

failure is that the party is not "permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

**REDACTED**

Because Dr. Mackay failed to disclose the source of this information, Plaintiffs were denied an opportunity to fully examine Dr. Mackay on the basis for the opinions in paragraph 11 of his responsive report. Accordingly, Plaintiffs move the Court to strike paragraph 11 of Dr. Mackay's third-round report.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the opinions in paragraphs 5-57, 66 and 67 of Dr. Mackay's responsive expert report, and preclude Defendant from offering testimony at trial concerning the opinions expressed therein.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Paul H. Berghoff
Joshua R. Rich
Jeremy E. Noe
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

Dated: March 20, 2008

# EXHIBITS A – D

# REDACTED IN THEIR ENTIRETY