IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-286 (GMS) |
| v. | ) ) | **PUBLIC VERSION** |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |

**BARR LABORATORIES' RESPONSE
TO PLAINTIFFS' SECOND MOTION *IN LIMINE*
(CONCERNING THE EXPERT REPORT OF DR. IAN S. MACKAY)**

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tele: (302) 571-6672
Fax: (302) 571-1253

George C. Lombardi
James F. Hurst
Taras A. Gracey
Maureen L. Rurka
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Barr Laboratories, Inc.*

April 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-286 (GMS) |
| v. | ) ) | **PUBLIC VERSION** |
| BARR LABORATORIES, INC. | ) ) ) | |
| Defendant. | ) | |

**BARR LABORATORIES' RESPONSE
TO PLAINTIFFS' SECOND MOTION *IN LIMINE*
(CONCERNING THE EXPERT REPORT OF DR. IAN S. MACKAY)**

The Court should deny Plaintiffs' motion to exclude portions of Dr. Ian Mackay's opening expert report. There is no improper overlap between the opinions of Dr. Mackay and Dr. Maureen Donovan. Moreover, Plaintiffs never made any effort to engage in a meet and confer on their complaints, nor have they suffered any prejudice from the alleged overlap. In addition, Dr. Mackay stated under oath that he *did not* consider the information of which Plaintiffs complain in forming the opinions contained in his opening report. Accordingly, he was not obligated under Rule 26(a) to disclose that information.

### ARGUMENT

**A.    The Court Should Deny Plaintiffs' Motion To Exclude Dr. Mackay's Testimony On Frontal Sinus Deposition.**

Plaintiffs' complaint that Dr. Mackay's opinions on whether the products at issue in this case reach the frontal sinus overlap with Dr. Donovan's is without merit. Dr. Donovan is a pharmaceutical formulator of nasal dosage forms who offers an opinion that the spray droplets formed by a nasal spray like Nasacort AQ, the brand product here, would be too large to reach

1

the frontal sinus. (Pls' Ex. A at ¶ 26.) Dr. Donovan's discussion of the nasal anatomy informs her enablement opinion as well as her opinions on the interactions between the nasal anatomy and the formulation excipients in the claimed products.[1]

Dr. Mackay, in contrast, is an ear, nose and throat surgeon who has expertise in the nasal anatomy. He offers an opinion that Barr's ANDA product will not reach the frontal sinus based on his expertise regarding the physical structures of the nasal anatomy. Thus, his opinions do not overlap to any significant extent with Dr. Donovan's enablement opinion. To the extent they do overlap, Barr does not intend to offer more than one expert on any one subject, in accordance with the Court's order. (*See* Appendix H to the Pretrial Order; Ex. G; Ex. H.)

Moreover, Plaintiffs' motion in limine is improper because they made no attempt to meet and confer to resolve the dispute without Court intervention. Indeed, they never raised the issue of overlap among these opinions until filing this Motion. In the past, the parties have resolved issues of overlapping opinions without court intervention. For instance, Plaintiffs offered completely overlapping opinions from two rheology experts related to viscosity testing methods and results. (Ex. I at ¶¶ 5-8, 14-15; Ex. J at ¶¶ 21-24, 29-30.) Indeed, four paragraphs from each of those reports are verbatim identical. (Ex. I at ¶¶ 5-8; Ex. J at ¶¶ 21-24.) The parties agreed within reasonable bounds to identify which experts would be testifying on topics on which there was significant overlap in order to streamline the expert depositions. (Ex. K; *see also* Ex. G.)

Nevertheless, Plaintiffs to this day retain overlap among several of their experts opinions. For instance, Plaintiffs offer two allergic rhinitis experts, both of whom discuss relative potency of glucocorticosteroids (Ex. L at ¶¶ 76-82; Ex. M at ¶ 18) as well as alleged patient preferences

---

[1] Plaintiffs' assertion that "Barr has indicated that Dr. Donovan will testify on topics of nasal anatomy and whether products such as Nasacort AQ reach the frontal sinus" (Pls' Mot. at 2) is not true. The parties *never* discussed their complaints about overlap of the opinions of Dr. Donovan and Dr. Mackay.

for certain nasal sprays (Ex. L at ¶ 26; Ex. M at ¶¶ 28-29). Moreover, both of Plaintiffs' rheology experts offer opinions on whether a certain grade of suspending agent will impart to the claimed nasal spray composition some of the claimed viscosity characteristics. (Ex. N at ¶¶ 98-100; Ex. O at ¶¶ 19-25; *see also* Ex. K.)[2]

Plaintiffs' failure to meet and confer on this topic directly violates the Local Rules of the United States District Court of Delaware. For this reason alone, the Court should deny Plaintiffs' motion. Del. L.R. 7.1.1 (failure to engage in good faith meet and confer "may result in dismissal of the motion"). In addition, Plaintiffs have not identified any prejudice resulting from the claimed overlap, nor could they since Plaintiffs had ample opportunity to depose Barr's experts and did so. Having suffered no prejudice, their request for exclusion is unwarranted. *See Inline Connection Corp. v. AOL Time Warner Inc.*, No. CIV A 02-272 MPT, 2007 WL 61883, at *4-5 (D. Del. Jan. 8, 2007) (refusing to exclude supplemental expert report served three months after close of expert discovery and after expert's deposition and permitting additional deposition of expert).

### B. Dr. Mackay Did Not Consider The Undisclosed Information.

Plaintiffs assert, without foundation, that Dr. Mackay considered undisclosed material in forming the basis for his opinions in paragraphs 30-43 of his opening report. They selectively quote from his deposition transcript to imply that Dr. Mackay considered the information. This is misleading. In direct response to questioning, Dr. Mackay affirmatively stated that he had not considered these materials in forming his opinions:

> Q: I'm not asking whether you relied or not. I'm – I'm asking whether you considered it in forming your opinion . . .
> A: I think the bottom line probably is no.

---

[2] Indeed, unlike Barr's experts, Plaintiffs' overlapping expert opinions are from experts with nearly identical backgrounds.

3

> \*\*\*
> Q: Okay. And did you have that research in mind in any way when you were forming your opinions? . . .
> A: Not that specific reading, no.

(Ex. P at 157:23-158:1, 5; 158:24-159:2, 5.) Dr. Mackay was therefore not obligated to disclose the information in his expert report. Nevertheless, in the spirit of cooperation, Barr produced the information, which consisted of a single reference bearing no relationship to Dr. Mackay's opinion that these products will not deposit on the frontal sinus. (Ex. Q.) Despite having this reference for several weeks, Plaintiffs still have not identified how the reference is relevant to Dr. Mackay's opinions.

Moreover, Plaintiffs again failed to engage in the requisite meet and confer with Defendants regarding materials Dr. MacKay considered in his report before filing their motion.[3] For this reason alone, the Court should deny Plaintiffs' motion. Del. L.R. 7.1.1 (failure to engage in good faith meet and confer "may result in dismissal of the motion").

## **CONCLUSION**

For the foregoing reasons, Barr respectfully requests that the Court deny Plaintiffs' Second Motion *in Limine* and decline to strike paragraphs 11-18 and 30-43 of the Mackay Opening Report or preclude Barr from offering testimony at trial concerning the opinions expressed therein.

---

[3] In the middle of a meet and confer among the parties on an entirely different topic, Plaintiffs began complaining about Dr. Mackay's reference and demanding either withdrawal of unidentified opinions of Dr. Mackay or a deposition of Dr. Mackay on the information. Barr offered to schedule a future time to meet and confer on the issue. (Ex. T at 2-3.) Plaintiffs responded by filing this motion.

April 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

---

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

WINSTON & STRAWN LLP
George C. Lombardi
James F. Hurst
Taras A. Gracey
Maureen L. Rurka
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

*Attorneys for Defendant, Barr Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on April 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing public version document, *Barr Laboratories' Response to Plaintiffs' Second Motion in Limine (Concerning the Expert Report of Dr. Ian S. Mackay)*, with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

> Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
> John G. Day, Esquire [jday@ashby-geddes.com]
> Tiffany Geyer Lydon, Esquire [tlydon@ashby-geddes.com]
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 14, 2008, I caused a copy of the foregoing sealed document to be served by e-mail and hand delivery on the above-listed counsel and on the following non-registered participants in the manner indicated:

> *By E-Mail and FedEx*
>
> Paul H. Berghoff, Esquire [berghoff@mbhb.com]
> Joshua R. Rich, Esquire [rich@mbhb.com]
> Jeremy E. Noe, Esquire [noe@mbhb.com]
> MCDONNELL BOEHNEN HULBERT
>   & BERGHOFF LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Karen L. Pascale*
> _____
> Josy W. Ingersoll (#1088)
> Karen L. Pascale (#2903) [kpascale@ycst.com]
> Karen E. Keller (#4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
>   *Attorneys for Defendant, Barr Laboratories, Inc.*