IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-286 (GMS) |
| v. | ) ) | **REDACTED – PUBLIC VERSION** |
| BARR LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |

**BARR LABORATORIES' RESPONSE TO PLAINTIFFS' FIRST
MOTION *IN LIMINE* (CONCERNING THE
SUPPLEMENTAL EXPERT REPORT OF BARRY A. SIEGEL, M.D.)**

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tele: (302) 571-6672
Fax: (302) 571-1253

George C. Lombardi
James F. Hurst
Taras A. Gracey
Maureen L. Rurka
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Barr Laboratories, Inc.*

April 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-286 (GMS) |
| v. | ) REDACTED – PUBLIC VERSION ) |
| BARR LABORATORIES, INC. | ) ) ) |
| Defendant. | ) |

**BARR LABORATORIES' RESPONSE TO PLAINTIFFS' FIRST
MOTION *IN LIMINE* (CONCERNING THE
SUPPLEMENTAL EXPERT REPORT OF BARRY A. SIEGEL, M.D.)**

This Court should deny Plaintiffs' motion to exclude the supplemental expert report of Dr. Barry A. Siegel. Dr. Siegel issued his three-page supplemental report in response to Dr. Marc Berridge's responsive report and deposition. In the responsive report and at deposition, Dr. Berridge offered both factual evidence and opinion testimony on that evidence that should have been disclosed in his opening expert report because it is directly relevant to Plaintiffs' infringement claims. Dr. Siegel's supplemental report, served in rebuttal to Dr. Berridge's additional opinions based on previously undisclosed fact, was served well before the close of expert discovery and well before Dr. Siegel's deposition in this case. Therefore, Dr. Siegel's supplementation was proper, and was both substantially justified and harmless.

**ARGUMENT**

Exclusion of evidence under Federal Rule of Civil Procedure 37(c)(1) is a "severe sanction that should not be imposed unless the failure to disclose or supplement is in bad faith or the resulting prejudice cannot be cured." *Compagnie des Bauxites de Guinee v. Three Rivers Ins. Co.*, No. 2:04CV393, 2007 WL 403915, at *5 (W.D. Pa. Feb. 1, 2007). Exclusion of Dr.

1

Siegel's supplemental report is unwarranted. Federal Rule of Civil Procedure 26(e)(1) permits an expert to supplement his report upon discovery that the information previously disclosed is incomplete. Moreover, under Federal Rule of Civil Procedure 37(c), the trial court has broad discretion to permit an expert report served outside the schedule when the disclosure is either substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). Here, Dr. Siegel's supplemental report was proper supplementation and both substantially justified and harmless.

First, Dr. Siegel's supplemental report was served in rebuttal to factual evidence and opinions that Dr. Berridge first raised in his responsive report and at deposition. Specifically, Dr. Berridge issued an opening expert report on infringement

In the opening report, Dr. Berridge opined that his studies show that Barr's ANDA product would deposit on the frontal sinus of an individual and therefore infringe the asserted patent claims, based almost exclusively on the 1996 study. (Ex. A.)

In a responsive expert report Dr. Berridge served thereafter, Dr. Berridge added factual information, uniquely in his possession, to explain the disparity in frontal sinus deposit from the 1996 study :                      For instance, he offered a "temperature hypothesis," contending that the temperature of the products used in the studies was different

(Ex. B at 43-45.) And at his deposition, he argued that the temperature difference, the disparities in the data, and other study conditions led him to the conclusion that the 1996 study was not an outlier

(Ex. C at 205:23-209:16.) While Dr. Berridge mentioned in a footnote in his opening report that he could not definitively explain the disparities

2

posited vague theories in an attempt to explain them (Ex. A at 27 n.1), he did not disclose his "temperature hypothesis" nor did he explain the basis for the theories he mentioned

Reading Dr. Berridge's deposition transcript prompted Dr. Siegel to prepare a statistical analysis

Dr. Siegel served a three-page supplemental report in rebuttal to the additional facts and opinions in Dr. Berridge's rebuttal report and deposition – all of which should have been in Dr. Berridge's opening expert report. (Pls' Ex. D; Ex. D at 228:15-229:17.) Therefore, Dr. Siegel's report was a proper supplementation under Rule 26(e).

Second, for the same reason, even if Dr. Siegel's supplemental report does not fall within Rule 26(e), it was substantially justified. Dr. Siegel's supplemental opinion was in direct rebuttal to Dr. Berridge's conclusion

Dr. Siegel's supplementation was, therefore, substantially justified.

Third, Dr. Siegel's supplementation of his opinions was harmless. Dr. Siegel served his three-page supplemental report two weeks before his scheduled deposition, and well before the close of expert discovery, giving Plaintiffs ample opportunity to cross-examine him on the opinions he expressed therein. Indeed, during Dr. Siegel's deposition, Plaintiffs questioned Dr. Siegel extensively, for over forty pages of deposition testimony, on the supplemental report. (Ex. D at 228:15-269:22.) The supplementation of his opinion was therefore harmless and not subject to exclusion under Fed. R. Civ. P. 37(c). *See Inline Connection Corp. v. AOL Time Warner Inc.*, No. CIV A 02-272 MPT, 2007 WL 61883, at *4-5 (D. Del. Jan. 8, 2007) (refusing to exclude supplemental expert report served three months after close of expert discovery and

after expert's deposition and permitting additional deposition of expert); *Compagnie*, 2007 WL 403915, at *5 (refusing to exclude untimely expert disclosures and instead ordering depositions of experts).

The cases Plaintiffs cite are inapposite. They involved expert disclosures made after the experts had been deposed, after the close of expert discovery or in circumstances that would result in a delay of the trial. *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, No. 97-1568 (JAG), 2007 WL 979854, at *12 (D.N.J. Mar. 30, 2007) (excluding expert report served 5 1/2 years after close of expert discovery where opposing party had no opportunity to depose expert); *Cook v. Rockwell Int'l Corp.*, No. 90-cv-181-J, 2006 WL 3533049, at *89 (D. Colo. Dec. 7, 2006) (same for expert disclosure served years after close of expert discovery and six years after expert's deposition where trial date would be disrupted and possibly delayed); *Aid for Women v. Foulston*, No. 03-1353, 2005 U.S. Dist. LEXIS, at *15-16 (D. Kan. July 14, 2005) (excluding expert opinion that would require reopening of discovery and delay of trial). In fact, one of Plaintiffs' cases actually undermines their position and supports Barr's. *See Santana Row Hotel Partners LP v. Zurich Am. Ins. Co.*, No. C05-198 JW, 2007 WL 607737, at *4-5 (N.D. Cal. Feb. 23, 2007) (refusing to exclude expert opinion served less than 24 hours before deposition).

Finally, Plaintiffs' complaints of prejudice ring hollow in view of their own conduct. Not once, but twice, Plaintiffs introduced additional opinions of their experts, not disclosed in any expert report, *in the middle of the expert's deposition.* For example, Plaintiffs produced a document the evening before Dr. Eli Meltzer's deposition and proceeded to establish during Dr. Meltzer's deposition that he would use this document as an additional basis for his opinions. He admitted that neither the document nor its basis as support for his opinions had been disclosed in

4

either of his expert reports. (Ex. E at 272:23-274:15.) Similarly, after Barr's counsel completed questioning Donald Beers at his deposition, Plaintiffs' counsel questioned Mr. Beers to elicit an additional opinion that he admitted was disclosed nowhere in his expert report. (Ex. F at 79:3-88:12.) Given this conduct, Plaintiffs have no cause to complain about a three-page supplemental report that was disclosed weeks in advance of Dr. Siegel's deposition.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to exclude the Siegel Supplemental Report or preclude Defendant from offering testimony at trial concerning the opinions expressed therein.

April 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

WINSTON & STRAWN LLP
George C. Lombardi
James F. Hurst
Taras A. Gracey
Maureen L. Rurka
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

*Attorneys for Defendant, Barr Laboratories, Inc.*

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on April 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing redacted document, ***Barr Laboratories' Response to Plaintiffs' First Motion in Limine (Concerning the Supplemental Expert Report of Barry A. Siegel, M.D.)***, with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

> Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
> John G. Day, Esquire [jday@ashby-geddes.com]
> Tiffany Geyer Lydon, Esquire [tlydon@ashby-geddes.com]
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 14, 2008, I caused a copy of the foregoing redacted document to be served by e-mail and hand delivery on the above-listed counsel and on the following non-registered participants in the manner indicated:

> *By E-Mail*
>
> Paul H. Berghoff, Esquire [berghoff@mbhb.com]
> Joshua R. Rich, Esquire [rich@mbhb.com]
> Jeremy E. Noe, Esquire [noe@mbhb.com]
> MCDONNELL BOEHNEN HULBERT
>   & BERGHOFF LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
   *Attorneys for Defendant, Barr Laboratories, Inc.*