IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. and SANOFI-AVENTIS US LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  06-286 GMS |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

WHEREAS, on April 24, 2008, the court conducted a pretrial conference in the above-captioned action;

WHEREAS, during the conference, the parties raised an issue regarding the reduction to practice date, specifically, that the plaintiff had changed its claimed date of reduction to practice by two years, from May 1992 to April 1994;

WHEREAS, the court reserved judgment and directed the defendant to file a motion in limine on the issue to be briefed by the parties;

WHEREAS, in the Third Circuit, the court looks to the following factors when determining whether to exclude evidence under Federal Rule of Civil Procedure 37(c)(1): (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption to the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it;[1]

---

[1] *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894,

WHEREAS, after having considered the parties' submissions on the issue, the court concludes that the plaintiff's change in position would greatly prejudice the defendant, because it has implications with respect to the date of invention, the prior art, and the experimental use exception to a prior public use defense;[2]

WHEREAS, the court further concludes that the plaintiff cannot justify its late change of position;[3] and

WHEREAS, the court will preclude the plaintiff from asserting a reduction to practice date different from the May 1992 date is had previously asserted in the litigation;

---

905 (3d Cir. 1977)).

[2] Indeed, the defendant contends, and the court agrees, that discovery on many of these issues would have to be re-opened and the trial of this matter delayed.

[3] It is noteworthy that the plaintiff appears to fault the defendant for its own ignorance of the law and failure to change the asserted reduction to practice date earlier in the litigation. This matter currently is scheduled for a bench trial beginning on Monday, May 19, 2008. As previously stated, permitting the plaintiff to change its reduction to practice date at the eleventh hour would prejudice the defendant and completely disrupt the trial schedule. This is a high stakes complex patent action, with sophisticated entities who are represented by highly qualified and experienced counsel, and the court is not willing to allow the plaintiff's misapplication of the law to delay the impending trial date. See Transcript of the Pretrial Conference, date April 24, 2008, at 53 ("It caught us by surprise, made us realize that we had improperly answered an interrogatory in the past. We had applied the wrong law."); *see also Bridgestone*, 2007 WL 521894, at * 4 ("Courts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied").

IT IS HEREBY ORDERED that:

1. The defendant's Motion in Limine to Exclude the Plaintiff's Assertions of an Invention Dates Later than May 1, 1992 (D.I. 180) is GRANTED.

Dated: May 16, 2008					/s/ Gregory M. Sleet
							CHIEF, UNITED STATES DISTRICT JUDGE