# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

May 21, 2008

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

BY E-FILING AND
HAND DELIVERY

Re:    *Aventis Pharmaceuticals Inc., et al. v. Barr Laboratories, Inc.,*
       C. A. No. 06-286-GMS

Dear Chief Judge Sleet:

We write on behalf of Barr Laboratories, Inc. to apologize for our misunderstanding of Your Honor's standards for professionalism and trial practice.

When we conferred with Dr. Siegel, who was still under direct examination by Ms. Rurka on Tuesday evening, we did so based on our understanding of District of Delaware Local Rule 43.1, which prohibits consulting or conferring with the witness "[o]nce direct examination of a witness is concluded and until cross examination of that witness is concluded," and also based on our past experience in the District of Delaware, which in our recollection permitted counsel to talk to his/her own witness during a break in direct testimony. *See, e.g., Bell Communications v. Fore Systems Inc.*, C.A. No. 98-586-JJF, transcript of August 30, 2000 pretrial conference at 28:11 to 29:9 (Exhibit A hereto).

Now that we understand Your Honor's rules and views on the subject, we will govern ourselves accordingly. We had no intention to disrespect the Court, to taint the evidentiary record, or to act in a manner inconsistent with the high standards of professionalism in the District of Delaware.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (DE Bar ID No. 2903)

cc:   John G. Day, Esquire (by CM/ECF and e-mail)
      Paul H. Berghoff, Esquire (by e-mail)
      Joshua R. Rich, Esquire (by e-mail)
      James F. Hurst, Esquire (by e-mail)
      Maureen L. Rurka, Esquire (by e-mail)

```
                                                                    377
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                   - - -

 4    BELL COMMUNICATIONS,           :   CIVIL ACTION
                                     :
 5               Plaintiff,          :
                                     :
 6       v.                          :   ORIGINAL
                                     :
 7    FORE SYSTEMS INC.,             :
                                     :
 8               Defendant.          :   NO. 98-586 (MMS)

 9                                   - - -

10                          Wilmington, Delaware
                     Wednesday, August 30, 2000 - 9:26 a.m.
11                          PRETRIAL CONFERENCE

12                                   - - -

13    BEFORE:    HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

14                                   - - -

      APPEARANCES:
15

16         BLANK ROME COMISKEY & McCAULEY
           BY:  RICHARD K. HERRMANN, ESQ. and
17              DALE R. DUBE, ESQ.

18              -and-

19         FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
           BY:  DONALD R. DUNNER, ESQ.,
20              VINCENT P. KOVALICK, ESQ.,
                RICHARD SMITH, ESQ., and
21              FRANK A. DeCOSTA, III, ESQ.
                (Washington, District of Columbia)
22
                          Counsel for Bell Communications
23

24
                                          Brian P. Gaffigan
25                                        Official Court Reporter
```

1  parties, let me just take Bell Core as an example, brings in
2  a witness on its case in chief, that we would be limited by
3  the normal Rule 611 procedure to our cross being limited to
4  the direct, but we would anticipate that if we wanted to go
5  beyond the substance of the cross later on in our own case,
6  that witness would be here for us to do that.
7              THE COURT: If a witness is called in the case,
8  they're not excused until their testimony is complete on all
9  issues, although the timing is a divided presentation of that
10 witness.
11             MR. GARTMAN: Okay. With respect to the issue
12 of talking to the witnesses during the pendency of their
13 cross, we would just want to confirm our understanding of
14 the Court's usual rule. My understanding of the Court's
15 usual rule is that if a witness is on cross, let's say we're
16 preparing cross or in the middle of a cross, or just listened
17 to the direct examination of Bell Core witness, Bell Core's
18 lawyers would be prohibited from talking to that witness
19 about the anticipated cross until we finish it up. Is that
20 how the Court normally does that?
21             THE COURT: Absolutely. Your local counsel can
22 advise you of the practice on cross-examination but I think
23 you fairly summarized it.
24             MR. GARTMAN: Does that rule apply to the direct
25 as well? Can you talk to your own witness --

```
                                                              29

 1              THE COURT:  Yes, you can.
 2              MR. GARTMAN:  -- during direct?  It's just after
 3   cross?
 4              THE COURT:  Yes.  While they're on
 5   cross-examination, any break results in an inability to
 6   consult with your witness.
 7              MR. GARTMAN:  Great.
 8              THE COURT:  On the issues of the direct
 9   examination that are being crossed on.
10              MR. GARTMAN:  Okay.  Sequestration.  We request
11   it.  As I understand the Court's procedure if we request it,
12   we'll get it.
13              THE COURT:  The rule is says if somebody requests
14   it, they'll get it.
15              MR. GARTMAN:  And my question is does that
16   extend to the trial transcript as well?  For instance, if you
17   have one witness testify on Day One and the other guys are
18   sequestered, can they go and read that witness's transcript?
19   That would seem to me --
20              THE COURT:  Oh, no.
21              MR. GARTMAN:  Okay.  So the sequestration applies
22   to transcript.
23              THE COURT:  Do people do that.
24              MR. GARTMAN:  I don't know.  But, I don't want it
25   to happen here for the first time.
```